IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BILLY HATTEN | § | |
| | § | |
| v. | § | Case No. 2:15-CV-0601-JRG-RSP |
| | § | |
| JOHN MATHIS, et al. | § | |

## MEMORANDUM ORDER

Before the Court is the Defendants' Motion to Transfer Venue (Dkt. No. 6). The motion has been fully briefed. Defendants move to transfer this case to the Tyler Division of this Court under 28 U.S.C. §1404(a). For the reasons that follow, the motion is DENIED.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests

decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

### A. Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

This case will clearly involve some documents, virtually all of which will by their very nature be located in Longview, Texas, the county seat of Gregg County. Parts of Longview fall within this Division, and all of Longview is closer to the courthouse in Marshall than to the courthouse in Tyler.

#### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Tyler.

### 3. Cost of Attendance for Willing Witnesses

As is true of the documents, the courthouse in Marshall is closer for the likely witnesses in this matter than is the courthouse in Tyler.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings had yet occurred in Marshall.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor.

### 2. Local Interest in Having Localized Interests Decided at Home

The local interest in this matter is roughly the same in either Division.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that the Defendants have not shown that the Tyler Division is a clearly more convenient venue for the trial of this matter. Accordingly, the motion to transfer is DENIED.

**SIGNED this 12th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE